UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANE CECILE SAWYER,**

        **Plaintiff,**

v.                                                                              Case No: 6:12-cv-1060-Orl-28GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Diane Cecile Sawyer (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to state with particularity the weight given and the reasons therefor to the opinion of Dr. Barber, an examining consultative physician; and 2) failing to include Claimant's moderate limitations in concentration, persistence, or pace in the ALJ's residual functional capacity assessment (the "RFC"); and 3) failing to discuss pertinent elements of the non-examining physicians' opinions. Doc. No. 15 at 7-21. For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.    ANALYSIS.**

On July 15, 2009, Dr. Alvan Barber, M.D., performed a consultative physical examination of Claimant. R. 420-28. Physical examination revealed the following: 5/5 muscle strength in the upper and lower extremities; 4/5 grip strength in both hands; reduced range of

motion with right shoulder, right and left wrist, and finger pain; positive straight leg test while seated and supine; paravertebral muscle spasms; positive point tenderness in the right and left SI joint; intact fine and gross motor skills; slow guarded gait; unable to walk on toes and heels; unable to squat; and depression.  R. 423-24.  Dr. Barber's impressions were: bipolar disorder; arthralgia; cervical and lumbar degenerative spine disorder with pain; history of right wrist tendonitis with right wrist pain; alcohol use disorder, in recovery; polysubstance abuse disorder, in recovery for six months; and tobacco use disorder.  R. 424.  Dr. Barber opined that Claimant: "cannot walk [and/or] stand for long periods of time"; can sit for "reasonable periods of time"; can use coordinated upper body movements with her hands; and can drive.  R. 424.  Thus, Dr. Barber opined that Claimant cannot walk and/or stand for long periods of time.  R. 424.

In the decision, the ALJ determined that Claimant retains the RFC for light work, including the ability to occasionally climb, balance, stoop, kneel, crouch, and be exposed to height and hazards.  R. 14.[1]  The regulations define light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, <u>a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities</u>. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (emphasis added).  In order for a person to be capable of performing the full range of light work a claimant must be able to perform all of the above-referenced activities. SSR 83-10 clarifies that a "<u>full range of light work requires standing or walking</u>, off and on, <u>for a</u>

---

[1] The ALJ also found that Claimant is limited to simple, routine tasks with only occasional contact with the public. R. 14.

<u>total of approximately 6 hours of an 8-hour workday</u>," and "[s]itting may occur intermittently during the remaining time." SSR 83-10 (emphasis added). Thus, an individual capable of performing light work must be able to walk and/or stand for a total of approximately 6 hours in an 8-hour workday. *Id*. Accordingly, by finding that the Claimant can perform light work, the ALJ determined the Claimant can walk and/or stand for a significant period of time, which clearly conflicts with Dr. Barber's opinion that Claimant "cannot walk [and/or] stand for long periods of time." *Compare* R. 14 *with* R. 424.

In the decision, the ALJ thoroughly described Dr. Barber's findings and noted that "Dr. Barber opined that claimant could not walk or stand for long periods of time; but could sit for reasonable periods and use upper body movements and coordinated activities with hands." R. 16. However, the ALJ did not state the weight given to Dr. Barber's opinion or discuss the conflict between Dr. Barber's opinion that Claimant cannot walk and/or stand for long periods of time and the ALJ's RFC for light work. R. 14-19.

Claimant argues that the ALJ erred by failing to state with particularity the weight given and the reasons therefor to Dr. Barber's opinion. Doc. No. 15 at 7-10. The Commissioner essentially concedes that the ALJ did not state with particularity the weight given to Dr. Barber's opinion, but maintains that the ALJ "clearly gave the opinion little weight" because the ALJ determined that Claimant retains the RFC for light work, which conflicts with Dr. Barber's opinion. Doc. No. 16 at 9 ("[T]he ALJ considered Dr. Barber's opinion . . . and clearly gave the opinion little weight when [the ALJ] relied on substantial evidence to determine that [Claimant] could perform light work."). As detailed below, based on clear and binding precedent in this circuit, the case must be remanded.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981) (emphasis added)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

In this case, although the ALJ accurately discussed Dr. Barber's findings and opinion, including Dr. Barber's opinion that Claimant cannot walk and/or stand for long periods of time, the ALJ failed to state with particularity the weight given to Dr. Barber's opinion and the reasons therefor. This error, which is apparent from the face of the ALJ's decision, requires reversal.

*See MacGregor,* 786 F.2d at 1053 (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).[2]

Accordingly, it is recommended that the Court find that this error warrants reversing and remanding the case to the Commissioner for further proceedings. *See Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053 (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).[3]

## II.     CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision for further proceedings pursuant to sentence four of Section 405(g);

2. Enter judgment in favor of the Claimant and against the Commissioner; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2] The Commissioner acknowledges that ALJ failed to state with particularity the weight given to Dr. Barber's opinion. R. 16 at 9. However, instead of agreeing to remand for further administrative proceedings based on that error, the Commissioner asserts the untenable position that the Court can infer that the ALJ gave little weight to Dr. Barber's opinion because the ALJ's RFC determination is less restrictive. Doc. No. 16 at 9. Although it did not happen here, this case is an excellent example of an instance where the Commissioner frequently agrees further administrative review should occur and voluntarily moves for remand. Such decisions promote the interest the parties and the Court have in obtaining a just, speedy, and inexpensive resolution of proceedings such as this.

[3] Claimant argues that the ALJ's RFC and hypothetical question to the vocational expert are not supported by substantial evidence because they did not include all of Claimant's limitations. Doc. No. 15 at 10-21. Because the final decision must be remanded for the reasons detailed above, on remand the ALJ will necessarily have to reassess the medical opinions and Claimant's RFC. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record). Accordingly, it is unnecessary to address the remaining errors alleged because on remand the ALJ will necessarily have to address anew the matters giving rise to the alleged additional errors.

     **RECOMMENDED** in Orlando, Florida on July 29, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Patrick F. McLaughlin
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224