UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANE CECILE SAWYER,

       Plaintiff,

v.                                                                    Case No:  6:12-cv-1060-Orl-28GJK

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____

## REPORT AND RECOMMENDATION

    This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 22)** |
| **FILED:** | **May 8, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

I.    **BACKGROUND.**

    On June 26, 2012, Plaintiff and her counsel, Richard A. Culbertson, Esq., entered into a

contingency fee agreement (the "Agreement") whereby Plaintiff agreed to pay counsel a fee of

twenty-five percent (25%) of the total amount of past-due benefits ultimately awarded.  Doc. No.

28-1 at 1.  On August 21, 2013, judgment was entered reversing and remanding this case to the

Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to

sentence four of 42 U.S.C. § 405(g).  Doc. No. 23.  On October 15, 2013, Plaintiff was awarded attorney fees in the amount of $4,346.99 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA").  Doc. No. 27 at 1.

On June 29, 2015, Plaintiff was awarded $62,884.00 in past-due benefits and the Commissioner withheld twenty-five (25) percent of that amount ($15,721.00) for the payment of attorneys' fees.  Doc. No. 28-2 at 4.[1]  On July 16, 2015, counsel filed a motion (the "Motion") for an award of attorney fees, pursuant to 42 U.S.C. § 406(b).  Doc. No. 28.  Counsel requests an order authorizing him to charge and collect $11,374.01 in attorneys' fees from Plaintiff, pursuant to § 406(b), which represents twenty-five (25) percent of past-due benefits awarded ($15,721.00) net of EAJA fees ($4,346.99).  Doc. No. 28 at 1-2.  The Motion is unopposed.  Doc. No. 28 at 2.

The Motion provides that no attorneys' fees have been paid at the administrative level under § 406(a).  Doc. No. 28 at 2.  On August 23, 2015, Mr. Culbertson filed a Notice of Subsequent Development Affecting the Motion (the "Notice").  Doc. No. 29.  In the Notice, counsel states that subsequent to filing the Motion, he received payment of $2,954.50 in attorneys' fees for services rendered at the administrative level under 42 U.S.C. § 406(a).  Doc. No. 29 at 1.  Therefore, counsel modifies his request in the Motion to $8,419.51, representing twenty-five (25) percent of past-due benefits awarded ($15,721.00) net of EAJA fees ($4,346.99) and § 406(a) fees ($2,954.50).  Doc. No. 29 at 1.

II.    **LAW.**

Section 406(b) provides, in relevant part, as follows:

---

[1] Attached to the Motion is a letter from the Social Security Administration (the "Administration") indicating that it was withholding $15,721.00, representing twenty-five percent (25%) of past-due benefits owed.  Doc. No. 28-2 at 2. The amount being withheld by the Administration multiplied by four (4) equals an award of $62,884.00 in past-due benefits.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

*Id.* § 406(b)(1)(A).   The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court.  *See Id.*; § 406(b)(2).  Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.  In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  *Id.* at 1277.  Since Plaintiff was awarded past-due benefits following remand (*see* Doc. No. 22-2), the Court may award attorney's fees under Section 406(b).

## III.   ANALYSIS.

### A.  Fee Awards under Section 406(b).

As modified by the Notice, Counsel requests an award of $8,419.51 in attorney fees, which represents twenty-five percent of past-due benefits awarded net of EAJA and § 406(a) fees previously awarded.  Doc. Nos. 28 at 1-2; 29 at 1; *see also supra* p. 2.  In *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010), the Eleventh Circuit held:

> Although an attorney who receives fees under both the EAJA and 42

U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.

*Id.* at 1274.  Therefore, the Court may award counsel a reasonable fee under Section 406(b) less the amount of the EAJA fee.  Such an award is commonly referred to as a "net" fee award.

Similarly, the aggregate of §§ 406(a) and 406(b) fees awarded may not exceed twenty-five percent of past-due benefits awarded.  *See Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).  Thus, by subtracting the amount previously awarded for § 406(a) fees, counsel ensures that the total fees awarded will not exceed twenty-five (25) percent of past-due benefits awarded.

**B. Reasonableness of Contingent Fee.**

To evaluate an attorney's Section 406(b) petition, the Court must determine whether the fee requested is reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002).  The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."  *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  However, "[a] fee pursuant to a contingency contract is not per se reasonable."  *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989).  The contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney."  *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981 and *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)).  A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail.  *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award

in a social security case."). Finally, "because Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieve. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id*. at 1363 (citations omitted). Courts in the Middle District of Florida have adopted this analysis. *E.g.*, *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Whitaker v. Comm'r of Soc. Sec.*, Case No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *2-3 (M.D. Fla. Oct. 23, 2008).

Counsel represents that he and his associate spent a total of 23.6 hours on Plaintiff's case before this Court. Doc. No. 28 at 2. In support, counsel cites to Plaintiff's motion requesting EAJA fees (Doc. No. 24 at 2), wherein he provides a time sheet. As a result of counsel's work, Plaintiff was successful on her claim. Doc. Nos. 22-23. The Agreement demonstrates that Plaintiff was aware of and agreed to pay attorney fees equal to twenty-five percent (25%) of the total of past-due benefits to which she was entitled. Doc. No. 28-1. In the Motion, as modified by the Notice, counsel requests a net award of $8,419.51 in § 406(b) fees, representing twenty-five percent (25%) of the past-due benefits owed ($15,721.00), minus $4,346.99 in EAJA fees, minus $2,954.50 in § 406(a) fees. Doc. Nos. 28 at 1-2; 29. After reviewing the results obtained, the Motion, the Notice, the contingent fee agreement, and the time sheet, the undersigned finds that

an award of $8,419.51 in attorney fees is reasonable.

IV.    **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Court **GRANT in part and DENY in part** the Motion (Doc. No. 28) as follows:

1) The Motion be **GRANTED** to the extent counsel is authorized to charge and collect from Plaintiff the sum of $8,419.51 in attorneys' fees;[2]

2) The Motion be otherwise **DENIED**; and

3) The Clerk is directed to close the case.

A party failing to file written objection to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  **In order to expedite the resolution of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on November 18, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[2] In the Motion, counsel does not request that a judgment be entered against Plaintiff.  Doc. No. 28.